## PILLSBURY v. LIBERTY MUT. INS. CO. et al.

### No. 12396.

United States Court of Appeals Ninth Circuit.

May 26, 1950.

Rehearing Denied June 28, 1950.

744

Frank J. Hennessy, U. S. Atty., Macklin Fleming, Asst. U. S. Atty., San Francisco, Cal. (Ward E. Boote, Chief Counsel, Bureau of Employees' Compensation, Federal Security Agency, Herbert P. Miller, Asst. Chief Counsel, Washington, D.C., of counsel), for appellant.

Tipton & Weingand, Claude F. Weingand, Los Angeles, Cal., for appellees.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment setting aside an order of the deputy commissioner in compensation proceedings before him under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., hereinafter called the Act. The deputy commissioner has held the employee, one Laird, was entitled to receive $12.50 a week from each of two employers in two different proceedings for injuries in each employment.

When each employer had paid $3,750 under the award in its separate proceeding, one of the employers. petitioned for a termination of its liability because the total paid by the two employers under the separate liabilities of each amounted to the sum of $7,500. It was contended that such a limit of liability is required by Section 14 (m) of the Act, 33 U.S.C.A. § 914 (m) reading:

"The total compensation payable under this act for injury or death shall in no event exceed the sum of $7,500", 44 Stat. 1434.

The deputy commissioner held that Laird was still disabled and entitled to recover from each more than the $3,750 already paid. He held that each award in the two such different proceedings could amount to more than $3,750 and that the employee was not limited to the $7,500 provided by Section 14 (m) of the Act.

The two employers and their insurance carriers sought an injunction in the district court under 33 U.S.C.A. § 921. The district court held that the two injuries received over a month apart and in the two different employments was but a single injury of "unitary" nature, to which the $7,500 limit applied. In the condition of the record we think the court erred in holding there was but one injury.

In one of the two proceedings an injury to Laird's back was found by the commissioner to have been received by Laird on December 2, 1941, caused by assisting in lifting a heavy derrick while employed by Pacific Naval Air Bases, Employer A, and having as its compensation insurance carrier Liberty Mutual Insurance Company. He also found in that proceeding that Employer A should have the award against it increased because of a second injury to the same place in Laird's back caused by a second straining in moving Employer B's studding form.

Employer A did not seek to set aside this larger compensation award made on November 4, 1942, within the thirty days provided in Section 21(a) of the Act, 33 U.S.C.A. § 921(a), and it became final on December 4, 1942. The award was for $12.50

per week. It well may be that it is strongly arguable that this was an injustice to Employer A because, in effect, wrongly treating the first injury as a proximate cause of the second. However, Employer A cannot now complain since, as seen, he failed to move to set aside the award and it long since became final.

The second proceeding was against Pearl Harbor Dry Dock No. 4, Employer B, and its insurance carrier, United States Fidelity & Guaranty Co. It concerned the injury to Laird's back received by him on January 13, 1942, recognizing that there had been the prior injury of December 2, 1941. For this was made a separate award of $12.50 per month against Employer B and its insurance carrier. It was not appealed from and became final on December 4, 1942. We think the awards of these two separate proceedings not appealed from make res judicata that there were separate injuries, though the compensation in each proceeding is for the same monthly payment.

The question then is: Where an employee suffers separate injuries in the course of employment by two different employers, is the total of the two awards limited to $7,500 by the provision of Section 14(m) of the Act?

The employers contend that that section should be liberally construed in favor of them and that it should read "The total compensation payable under this act [to an employee] * * * shall not exceed the sum of $7,500." We cannot agree. Such an interpretation would lead to the absurd result that if an employee suffered a partial disability for which he was paid a total of $7,500, a subsequent employer would be liable for nothing, though both the employee's legs were amputated in the course of the latter's employment. We cannot believe Congress intended to give to the employer the right to place an employee in the most dangerous position in his plant, and have him free of liability to the employee for injuries there received.

We think Section 14(m) should be construed to read, "The total compensation payable [by an employer] under this act for [an] injury or death shall in no event exceed the sum of $7,500."

The judgment is reversed and the complaint ordered dismissed.